UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE APPLICATION OF:

ZEBEC DEVELOPMENT N.V.,
Sint Maarten, Netherlands Antilles,

       Petitioner,

Civil Action No.

For Judicial Assistance in Obtaining Evidence
From ROYAL CARIBBEAN CRUISES LTD.
For Use in a Foreign and International Proceeding
Pursuant to 28 U.S.C. § 1782.
_____/

**PETITION OF ZEBEC DEVELOPMENT FOR DISCOVERY
IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Zebec Development N.V. ("Zebec"), through the undersigned, hereby petitions this Court for assistance in obtaining evidence in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. In support thereof, Zebec states as follows:

**I.  BACKGROUND OF REQUEST FOR DISCOVERY.**

Zebec is a developer on the island of Sint Maarten. On August 20, 2014, Zebec sued the Port of Sint Maarten ("the Port"), in the Court of First Instance, on the island of Sint Maarten for money damages resulting from an alleged breach of a development contract for a shopping, food and beverage area in the Port's cruise terminal. *See* Affidavit of Jeroen Veen at 2 ¶ 6 attached hereto as Exhibit "A"[1]. The subject contract and memoranda of understanding allowed Zebec to

---

[1] Jeroen Veen is a corporate trial lawyer practicing in Sint Maarten, admitted to the Bars of Sint Maarten and the Dutch Overseas Caribbean Islands. *See* Exhibit A at 1-2 ¶¶ 2-3. Mr. Veen has represented Zebec throughout the litigation described herein, and his Affidavit is based on his personal knowledge. *See id.*, *passim.*

develop 11,000 square feet of shopping area and 27,000 square feet of food and beverage area ("the Dutch Village project"). *See* Complaint of Zebec, at ¶ 57, attached hereto as Exhibit "B"[2].

Unrelated to the above-mentioned contract, the Port had entered into a financing arrangement with Royal Caribbean Cruises Ltd. ("RCC"), whereby new development in the Port was subject to RCC's approval. Upon information and belief, RCC objected to the Dutch Village project and, as a result, the Port subsequently refused to approve commencement of construction claiming that Zebec's design drawings were substandard. *See id.* at 27-30 ¶¶ 122-133.

The suit is currently in the phase where liability has to be established. The burden is on Zebec to prove the above-mentioned facts, more specifically that their construction drawings were in fact not sub-standard but that in reality the undisclosed objections of RCC were decisive. *See* Exhibit A at 2 ¶ 8. In preparation for the anticipated liability phase proceeding in Sint Maarten, Zebec requires limited discovery of evidence from RCC in the Southern District of Florida to prove the above-mentioned allegations.

Zebec should not have to rely on the Port's unsubstantiated representations concerning why it refused to allow commencement of construction. It is therefore entitled to discovery, both under United States Federal Rules of Civil Procedure and St. Maarten civil procedure, to test its claims. Specifically, Zebec seeks any and all communications between the Port and RCC regarding the above-mentioned transaction. The problem is that such records – and as importantly, the ostensible sources of such records – are not found in Sint Maarten, nor is discovery of such information and the sources thereof subject to process on Sint Maarten. *See* Exhibit A at 3 ¶¶ 11-12.  Accordingly, Zebec needs discovery from RCC in the United States in order to test the Port's unsubstantiated

---

[2] The Zebec Complaint is attached in Dutch and in a certified English translation.


claim that it was substandard design drawings and not RCC's objection to the Dutch Village project that prevented Zebec from commencing construction.

Thus, this Petition is not an effort to circumvent Sint Maarten proof-gathering restrictions or policies, as they are inapplicable to, and do not reach, records found outside of the jurisdiction. Barring the granting of this Petition, there is no other means by which Zebec can obtain the documents necessary to make an independent evaluation of the bona fides of the Port's claim. *See* Exhibit A at 3-4 ¶¶ 12-13. Reliance on the Port's selective representations, and whatever self-serving production the Port might make of its own volition, is wholly inadequate for such analysis and fundamentally inconsistent with the right of civil discovery, which is found both in the United States Federal Rules of Civil Procedure and in Sint Maarten civil procedure. *Id*. Turning to the specific information and records sought, they are quite limited to any and all documents between the Port and RCC concerning the Dutch Village project.

## II.   LEGAL STANDARDS APPICABLE TO ADJUDICATION OF THIS PETITION.

Section 1782 of the United States Code authorizes United States district courts to assist in gathering evidence from domestic companies and persons for use in proceedings before foreign and international tribunals. The statute provides in pertinent part:

> (a)   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made . . . upon application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Congress intended this statute to promote the "twin aims of [] providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 252

(citations omitted). "The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Lo Ka Chun v. Lo To,* 858 F.2d 1564, 1565 (11th Cir. 1988). Thus, a district court may order discovery for use in a foreign proceeding where the court is authorized to grant the request, and when it determines that it should exercise its discretion to do so. *Intel*, 542 U.S. at 264.

### A. Zebec Satisfies The Requirements In Section 1782.

A district court looks to the following factors from Section 1782 in determining whether to aid discovery for a foreign proceeding:

1. The application is made by, *inter alia*, an interested person;
2. The application seeks evidence consisting of testimony or statements of a person, or the production of a document or other thing;
3. Such evidence is for use in, *inter alia*, a foreign proceeding; and
4. The person or entity from whom discovery is sought resides or is found in the district of the district court ruling on the Section 1782 application.

*In re Clerici,* 481 F.3d 1324, 1331-32 (11th Cir. 2007). Once meeting these factors, the district court has the authority to grant an application for discovery under the statute. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262, 1269 (11th Cir. 2014) ("*CONECEL*"). As described more fully below, Zebec meets all of these statutory factors and, thus, this Court has the authority to grant its Petition.

#### 1. Zebec is an "interested person".

The first statutory factor determines if the applicant is an "interested person". "No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782." *Intel,* 542 U.S. at 256. As such, a party to a foreign dispute is plainly an "interested person" under Section 1782. *In re Application of Mesa Power Group, LLC,* 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) ("*Mesa Power*").

4

Zebec, here, is the plaintiff in the Sint Maarten litigation. *See* Exhibit B. As the plaintiff, Zebec is a party to the foreign dispute and plays a significant role in the litigation. *See Intel,* 542 U.S. at 256. Thus, Zebec is an "interested person" under Section 1782.

### 2. Zebec's Petition seeks evidence consisting of the production of documents and other things.

The primary purpose of Section 1782 is to obtain evidence. *In re Clerici,* 481 F.3d at 1332. The second statutory factor, not surprisingly, requires the applicant to seek evidence; either through taking testimony or seeking documents or other things. Zebec, here, seeks evidence from RCC in the form of testimony and documents. Specifically, Zebec seeks evidence of communications from RCC to the Port relating to the Dutch Village. Indeed, the discovery sought is narrow and limited: attached hereto is a proposed subpoena to produce documents addressed to RCC. *See* Proposed Subpoena to Produce Documents, attached hereto as Exhibit "C". While Zebec reserves the right to seek leave to take the deposition of the person at RCC with the most knowledge of the above-mentioned allegations if the documents produced by RCC suggest the advisability of same, Zebec does not make such request at this time. No doubt, Zebec's Petition satisfies the second statutory factor by seeking evidence.

### 3. Zebec's Petition seeks evidence for use in a foreign proceeding.

Section 1782 broadly allows discovery "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations." 28 U.S.C. § 1782(a). This provision "reflects Congress' recognition that judicial assistance would be available 'whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature." *Intel,* 542 U.S. at 259 (quoting S. Rep. No. 1580, at 9) (emphasis omitted). Evidence for use in a civil process "is clearly within the range of discovery authorized

under § 1782 and comports with the purpose of the statute to provide assistance to foreign tribunals." *In re Clerici,* 481 F.3d at 1333.

The discovery, which is sought here, is for use in a civil proceeding before the Court of First Instance in Sint Maarten, Netherland Antilles, as attested by Declarant Jeroen Veen. *See* Exhibit A. As stated above, this Petition has been filed by a vitally interested person, which is engaged in civil litigation with the Port in the referenced civil proceeding in Sint Maarten, in which Zebec claims a breach of a development contract for a shopping, food and beverage area in the Port's cruise terminal. Because Zebec's Petition seeks evidence for use in a civil litigation before a foreign court, Zebec's Petition seeks evidence for use in a foreign proceeding as described under Section 1782.

### 4. RCC, of whom discovery is sought, resides within this district.

The fourth and final requirement of Section 1782 allows a district court to grant discovery only if the party of whom discovery is sought resides within that court's district. *In re Clerici,* 481 F.3d at 1332. Having an office and conducting business within the district satisfies this requirement. *CONECEL,* 747 F.3d at 1269. Similarly, being headquartered and having a registered agent in the district satisfies this requirement. *Mesa Power,* 878 F. Supp. 2d at 1303.

RCC resides and is found in this district. RCC's principal place of business is 1050 Caribbean Way, Miami, Florida 33132. *See* 2014 Annual Report with Florida Department of State Division of Corporations, attached hereto as Exhibit "D". In addition to having an office within this district, RCC conducts business within and throughout the district. *See* Exhibit A at 3 ¶ 11. As a result, RCC, as the entity of whom discovery is sought, resides within this Court's district. Just like *CONECEL*, Zebec satisfies this requirement.

### B. This Court's Assistance Is Necessary To Discover Critical Evidence.

Once satisfying Section 1782, a district court considers the following *Intel* factors in deciding whether to exercise its discretion under the statute:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici,* 481 F.3d at 1334 (quoting *Intel,* 542 U.S. at 264-65). As shown below, Zebec's Application not only satisfies the *Intel* factors, but establishes that this Court's assistance is necessary for discovery of critical evidence not otherwise discoverable in a foreign proceeding.

### 1. RCC is not a participant in the Sint Maarten litigation.

"[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel,* 542 U.S. 264. When the person from whom discovery is sought is not a party in the foreign litigation, then the first *Intel* factor favors granting discovery. *Mesa Power,* 878 F. Supp. 2d at 1303.

As shown above, RCC is the party of whom discovery is sought. RCC, however, is not a party to the litigation currently underway in Sint Maarten. *See* Exhibit B. Stated differently, RCC is a nonparticipant in the Sint Maarten litigation. *See Mesa Power, supra*. In similar situations, the Eleventh Circuit favored discovery applications under Section 1782. *See e.g., Lo Ka Chun,* 858 F.2d at 1565 (issuance of subpoenas *duces tecum* to U.S. residents, who were non-party witnesses to a Hong Kong proceeding); *In re Request for Assistance from Ministry of Legal Affairs of*

*Trinidad and Tobago,* 848 F.2d 1151 (11th Cir. 1988) (subpoenas of U.S. bank records). Thus, this factor favors granting Zebec discovery on RCC to aid Zebec's litigation in Sint Maarten.

> **2. Zebec's intended discovery on RCC is relevant to the foreign proceedings and does not seek to circumvent foreign-proof gathering restrictions of Sint Maarten.**

The second *Intel* factor looks to determine whether the intended discovery is relevant to the foreign proceedings. *See Kang v. Noro-Moseley Partners,* 246 Fed. Appx. 662, 664 (11th Cir. 2007) (analyzing the second *Intel* factor under a relevance inquiry); *Mesa Power,* 878 F. Supp. 2d at 1303-04 ("contrary to NextEra's argument that discovery should be delayed because the scope of relevant discovery could change as the proceedings progress, there is no satisfactory reason to stay all discovery from this jurisdiction until a final hearing date is scheduled. Where, as discussed below, the requested discovery goes to the heart of the NAFTA arbitration and the discovery will be limited to communications between Canada and NextEra regarding the specific projects, it is unlikely that the scope of discovery from NextEra would be altered. In fact, NextEra nearly conceded in its Reply that communications between NextEra and the Canadian government are relevant to the underlying proceedings."). This *Intel* factor is closely related to the third *Intel* factor which disfavors discovery if used to circumvent the foreign court's proof gathering restrictions. In other words, a court may disallow relevant discovery if used to bypass foreign discovery rules. None of which occurs here.

The "party requesting judicial assistance does not have to prove receptivity to show that they are not attempting to circumvent foreign proof-gathering mechanisms." *Mesa Power,* 878 F. Supp. 2d at 1304. However, a foreign tribunal's willingness to accept evidence obtain through the Section 1782 process generally weighs in favor of granting such petitions. *In re Application of Caratube Int'l Oil Co., LLP*, 730 F. Supp. 2d 101, 105 (D.D.C. 2010) (citing *In re Application of OOO Promnefstroy*, 2009 WL 3335608 at *7-8 (S.D.N.Y. Oct. 15, 2009)).

8

As set forth in the Affidavit of Jeroen Veen, the foreign tribunal in Sint Maarten is a trial court of general jurisdiction; the proceedings for which discovery is needed consist of the *liability* phase of an ongoing civil suit by Zebec against the Port. *See* Exhibit A at 2 ¶ 8. By obtaining the requested discovery, the evidence from RCC will show that the Port unlawfully breached its contract with Zebec. This evidence, thus, is not only relevant, but critical to Zebec's Sint Maarten litigation.

Sint Maarten is receptive to evidence of the type that Zebec seeks in this action. *Id.* at 4 ¶ 13. Moreover, as attested by Attorney Veen, this Petition clearly does not seek to circumvent foreign proof-gathering limits or other policies of Sint Maarten or the United States. *Id.* at 3-4 ¶ 12. Because Zebec seeks critical relevant evidence, which is receptive in Sint Maarten, coupled with the fact that Zebec is not circumventing Sint Maarten rules for discovery, Zebec satisfies these *Intel* factors.

## III.  CONCLUSION.

Zebec's Petition satisfies the four statutory factors of Section 1782:

(1) Zebec is an "interested person" by being the plaintiff in a Sint Maarten litigation;

(2) Zebec's Petition seeks testimony and production of documents, by seeking communications between RCC and the Port;

(3) Discovery is for use in a foreign civil proceeding in Sint Maarten; and

(4) RCC, by having its principal place of business in Miami, Florida, resides within this Court's district.

In addition, all the *Intel* factors favor granting Zebec's Petition. For instance, Zebec seeks discovery from a nonparticipant to the foreign civil proceedings. Likewise, Zebec's requested discovery seeks relevant evidence from RCC to establish a critical element to its Sint Maarten civil suit against the Port. The court in Sint Maarten is receptive to this type of evidence, especially since Zebec is not attempting to circumvent Sint Maarten rules of discovery. Because all the *Intel*

factors favor granting this Petition, coupled with Zebec making the requisite statutory showing, this Court should respectfully enter an order allowing Zebec to take the testimony or statement of RCC, and require the production of documents and other things from RCC, in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *see also Clerici,* 481 F.3d at 1335-36; *Weber v. Finker,* 554 F.3d 1379, 1385 (11th Cir. 2009) ("Section 1782 expressly provides that the district court should grant discovery under the Federal Rules of Civil Procedure.").

WHEREFORE, for the reasons set forth above, Zebec respectfully requests that its Petition for Discovery in aid of a Foreign Proceeding Pursuant to 28 U.S. § 1782 be granted.

    Respectfully submitted,

    THE SLOMAN LAW FIRM
    *Attorneys for Petitioner*
    SunTrust International Center
    One SE Third Ave., Suite 1820
    Miami, FL 33131
    Telephone: 305-371-9686
    Facsimile:  305-371-9687

By:   s/ Jeffrey H. Sloman_____
      JEFFREY H. SLOMAN, ESQ.
      Florida Bar No. 378879
      Email: jsloman@bellsouth.net
      CHRISTOPHER E. GOTTFRIED, ESQ.
      Florida Bar No. 99780
      Email: cgottfriedesq@gmail.com