**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE APPLICATION OF:

ZEBEC DEVELOPMENT,
Sint Maarten, Netherlands Antilles,

                                                                     Civil Action No.

      Petitioner,

For Judicial Assistance in Obtaining Evidence
From ROYAL CARIBBEAN CRUISES LTD.
For Use in a Foreign and International Proceeding
Pursuant to 28 U.S.C. § 1782.
_____/

## AFFIDAVIT OF JEROEN VEEN

The undersigned, Jeroen Veen, declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My name is Jeroen Veen and I am a citizen of Sint Maarten and have Dutch nationality. I am over the age of eighteen (18) and competent to make this Affidavit. This Affidavit is based upon my own personal knowledge.

2. I received my law degree in 1987 from the State University of Leiden in the Netherlands. I have practiced as an attorney continuously since 1988, and I am admitted to the Bar of Sint Maarten and the other bars in the jurisdiction of the Joint Court of Justice of Aruba, Curacao, Sint Maarten and (the Dutch Overseas Caribbean Islands) Bonaire, Saba and St. Eustatius since 1989.

3. I am currently practicing as a trial attorney on Sint Maarten specializing in corporate litigation. My statements below regarding Sint Maarten law and civil procedure are

based on my personal knowledge and experience as an attorney-at-law practicing as a trial lawyer in Sint Maarten.

4. Justice is rendered in our jurisdiction by a Court of First Instance. Appeals are heard by the Joint Court of Justice of Aruba, Curacao, Sint Maarten and (the Dutch Overseas Caribbean Islands) Bonaire, Saba and St. Eustatius. Further appeals are heard by the high council in The Hague, the Netherlands. The high council is comparable to the U.S. Supreme Court and only deals with matters of the law.

5. I have been engaged by Zebec Development ["Zebec"] to claim damages against the Port of Sint Maarten in the court of Sint Maarten and I submit this Affidavit in my capacity as a trial lawyer of Zebec.

6. The claim against the Port is based on the premise that the Port breached several contracts for the development of a project in the cruise terminal of Sint Maarten;

7. Whenever claims for compensation of damages are filed, the plaintiff can choose to specify the claim and enter evidence to substantiate the claim and request a payment order for a specified amount of damages, or the plaintiff can choose to request a payment order for the amount to be assessed in a follow up- procedure to determine the amount of damages or a combination of both. The latter option is used when not all damage amounts can be established yet and the plaintiff wants to avoid that the claim will become time barred. The litigants then litigate about liability first while the exact amounts are dealt with at a later stage.

8. The suit currently is in the liability phase. In the liability phase of the suit, the burden will be on Zebec to substantiate the facts based upon which the liability of the Port will be established.

9. The Code of Civil Procedure of Sint Maarten stipulates in Article 131 that proof may be submitted in all forms and fashions, unless the law excludes a certain form but that the interpretation and evaluation of proof is at the discretion of the judge, unless the law stipulates otherwise.

10. Based on my general experience, and on the proceedings that have already occurred in this case, I anticipate that Zebec will need to provide additional documents as proof to substantiate its claim about the liability of the Port.

11. Royal Caribbean Cruises Ltd., as the source of this proof, is not subject to process on Sint Maarten, and likewise, other sources of proof to support this part of the claim are not subject to process on Sint Maarten. Royal Caribbean Cruises Ltd. is a Liberian Corporation with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132, and conducts business throughout South Florida, including Miami, Florida. Due to these facts, Zebec is in need of discovery from the U.S.; mainly records from Royal Caribbean Cruises Ltd. At this time, Zebec needs correspondence between the Port of Sint Maarten and Royal Caribbean Cruises Ltd. regarding the development of the Dutch Village Project in the cruise terminal on Sint Maarten.

12. Zebec's Petition to the United States District Court for the Southern District of Florida for judicial assistance is not an attempt to circumvent Sint Maarten proof-gathering restrictions or policies. The Code of Civil Procedure of Sint Maarten has discovery rules at Articles 141 and 142 (a certified translated copy of which is attached hereto as **Exhibit 1**). Article 141 empowers the court to order that the parties provide discovery to each other. Article 142 empowers the court to issue the equivalent of a third party subpoena for documents. But these authorizations are limited by the jurisdiction of the Sint Maarten courts. If the sources of proof in this case were situated on Sint Maarten, I could and would have requested the Sint Maarten court for disclosure.

Because the documents and information that Zebec needs are located in the United States, however, I must ask the United States District Court for the Southern District of Florida for such relief if Zebec is to obtain the discovery that it needs.

13. I note that the court of Sint Maarten will be receptive to United States judicial assistance. Proof that is obtained within the scope of the law in a foreign jurisdiction may be entered as proof in our court based on the general rule of Article 131. The Sint Maarten judge will decide how he values that proof, but based on my experience, it is highly likely that he or she will value it the same as any other third party proof. It is not treated differently because it is obtained in the United States of America.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2015



_____
Jeroen Veen

I HEREBY CERTIFY that on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments in the aforesaid, appeared **Jeroen Veen**, Sint Maarten who is [ ] personally known to me or [*] produced  identification card  as identification, who executed the foregoing Affidavit, and acknowledged before me that he executed same for the purpose therein expressed.

I have hereunto set my hand and affixed my official seal this 13 day of March, 2015.

_____
~~Notary Public~~ Civil Law Notary

My Commission expires on: For Life

This legalization does not express any opnions with regards to the contents of this document nor the authority fo the signatory.

4

**EXHIBIT "1"**

**Code of Civil Procedure**

**PART 4**
*General terms and conditions for law of evidence*

**Article 128.**
1. Unless otherwise derived from the law, the judge bases his decision merely on those factual rights that are brought to his knowledge in the proceedings and that that have been established in accordance with the prescriptions of this part and the following ones. The judge shall regard facts or rights that have been put forward by one party and that the opposite party fails to refute or fails to refute sufficiently as conclusive, save his competence to require proof as often as acceptance of the propositions would lead to a legal consequence that is not at the discretion of the parties in question.
2. The judge may base his decision on facts and circumstances of common knowledge as well as general empirical rules irrespective of the fact whether they have been proposed or not, and they don't require proof.

**Article 131**
1. Proof can be provided by any means, unless the law prescribes otherwise.
2. Unless the law prescribes otherwise, evaluation of the proof is at the discretion of the judge.

**PART 5A**
*Submitting books, documents, other data carriers or articles, and furnishing information.*

**Article 141**
1. During the proceedings, the judge may – either by request or by virtue of his official capacity – order parties or one party to submit books, documents and other data carriers or articles in their possession.
2. Parties may refuse to do so if there are compelling reasons to that end as well as if there are plausible reasons to assume that proper administration of justice is guaranteed without submitting the data requested.
3. The judge shall decide whether the refusal is justified; in the absence of which items he may draw the inference that he deems commendable.

**Article 142**
1. The judge may, upon the request one party, order third parties not involved in the proceedings to furnish written information and submit books, documents, other data carriers or items in their possession within a period to be determined by the judge; this, after having given said third party the opportunity to be heard. The entity to whom the judge directs the order has the obligation to furnish the information requested and to submit the books, documents, other data or items requested.
2. The judge determines, if necessary, the manner in which, and the conditions on which the information shall be furnished, or the books, documents, other data or items shall be submitted.
3. Anyway, the judge denies the request if it can be assumed within reason that proper administration of justice is guaranteed as well without provision of the data.
4. The stipulation in article 144 regarding the right of nondisclosure entitled to witnesses applies mutatis mutandis, but other grave reasons as well, including risk of disproportionate damage to the interests of the entity that the order is directed to or to the interests of third parties, may justify a refusal.
5. There is no appeal possible against a refusal of a request.
6. Once the judge has given the order, articles 152 and 152a apply mutatis mutandis.