## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-MC-21049-UNGARO/OTAZO-REYES

**ZEBEC DEVELOPMENT N.V.,**
**Sint Maarten, Netherlands Antilles,**

      **Petitioner,**

**v.**

**ROYAL CARIBBEAN CRUISES LTD.,**

      **Defendant.**

_____/

### AGREED ORDER GRANTING PETITION FOR
### DISCOVERY IN AID OF A FOREIGN PROCEEDING

THIS CAUSE came before the Court upon Petitioner Zebec Development N.V.'s ("Petitioner") Petition for Discovery in Aid of a Foreign Proceeding pursuant to 28 U.S.C. Section 1782 ("Petition") filed on March 16, 2015 [D.E. 1].

The Court has reviewed the Petition and was informed by the parties, who appeared before the Court on April 7, 2015, that they agreed to request that the Court (1) grant the Petition; (2) issue the attached subpoena; and (3) retain jurisdiction to resolve any discovery disputes. The Court being otherwise fully advised in the premises, it is hereupon

ORDERED AND ADJUDGED as follows: (1) the Petition is GRANTED; (2) the attached subpoena is hereby issued; and (3) the undersigned retains jurisdiction through July 6, 2015 to resolve any discovery disputes, after which date the case may be closed absent any requests for extension. It is further

ORDERED AND ADJUDGED that Defendant may redact the financial terms and/or information it deems privileged within the Development Agreement dated March 29, 2008

submit a privilege log for those items/documents identified in the subpoena they deem privileged.

ORDERED AND ADJUDGED that the Clerk shall close this matter on July 6, 2015 unless directed otherwise by further order of this Court.

DONE AND ORDERED in Miami, Florida this _8th_ day of April, 2015.

ALICIA M. OTAZO–REYES
UNITED STATES MAGISTRATE JUDGE

cc:
United States District Judge Ursula Ungaro
Counsel of Record (via CM/ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-MC-21049-UNGARO/OTAZO-REYES

IN RE APPLICATION OF:

ZEBEC DEVELOPMENT N.V.,
Sint Maarten, Netherlands Antilles,

      Petitioner,

For Judicial Assistance in Obtaining Evidence
From ROYAL CARIBBEAN CRUISES LTD.
For Use in a Foreign and International Proceeding
Pursuant to 28 U.S.C. § 1782.
_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Records Custodian ROYAL CARIBBEAN CRUISES LTD., Attn: Bradley H. Stein, 1050 Caribbean Way, Miami, Florida 33132

      **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: *See* Attached Exhibit "A".

| **Place:** One SE Third Avenue, Suite 1820 Miami, Florida 33131 | **Date and Time:** May 8, 2015 no later than 2:00 pm. |
|---|---|

      The provisions of Federal Rule of Civil Procedure 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached as Exhibit "B".

Date: April 8, 2015

           CLERK OF COURT

           S. Martin
      _____
      *Signature of Clerk or Deputy Clerk*
           Stephanie Martin

The name, address, email, and telephone number of the attorney representing ZEBEC DEVELOPMENT N.V., who issues or requests this subpoena, are: Jeffrey H. Sloman, Esq. (FBN: 378879; jsloman@bellsouth.net) and Christopher E. Gottfried, Esq. (FBN: 99780; cgottfriedesq@gmail.com), One SE Third Ave., Suite 1820, Miami, Florida 33131, 305-371-9686

## EXHIBIT "A"

### INSTRUCTIONS

1.       Pursuant to Federal Rule of Civil Procedure 34, you shall produce the items described below within thirty (30) days from the date of service.

2.       If any document or material is not produced because the defendant asserts a claim of privilege, please identify the document by stating its author, its recipient, the date of its creation, its length, its subject matter and the form of the document or material. Please specify the claim of privilege in sufficient detail so that the propriety of the claim may be determined.

2.       For each document produced, please identify the request to which the document is responsive.

3.       Please regard these document requests as continuing. If any responsive document is discovered at any time after your response to this request, you should produce and make available for inspection and copying such later found document.

4.       If an objection is interposed as to some portion of a document request, please respond to the unobjected-to portion of the request.

### DEFINITIONS

1.       The words "you" and "your" mean ROYAL CARIBBEAN CRUISES LTD., and/or any agent, employee, attorney, consultant or servant of ROYAL CARIBBEAN CRUISES LTD., any former employee, agent, attorney, consultant or servant of ROYAL CARIBBEAN CRUISES LTD., any predecessor of ROYAL CARIBBEAN CRUISES LTD., any subsidiary or affiliated entity of ROYAL CARIBBEAN CRUISES LTD., including, but not limited to, St. Maarten Quarter Development Company N.V.

2.       The term "document" is used in this Request in its broadest sense and means any record of information, of any kind or description, however made, produced, or reproduced,

1

whether by hand or by any electronic, photographic, mechanical, or other process; stored in any manner including without limitation, computer memory, film paper, phonograph records, tape recordings, videotapes, and videodisks; and includes all drafts, all originals, and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, and includes, without limitation, the following: letters, telegrams, electronic transmittals, receipts, memorandum, purchase orders, shipping orders, accounts, advertising, agreements, analyses, appointment books, appraisals, authorizations, bank statements, bills, blue prints, books, books of account, brochures, bulletins, calendars, catalogs, charts, checks, checkbooks, check stubs, circulars, communications, compilations, confirmations, contracts, correspondence, diaries, directives, drawings, drafts, evaluations, files, filings with any governmental agency, films, forms, graphs, hospital records, inspection reports, instructions, insurance policies, interviews, invoices, journals, letters, logos, and maintenance records, manuals, maps, medical records, memoranda, minutes, newspapers, notes, notebooks, note charts, office reports, opinions or reports of consultants, orders, paintings, pamphlets, periodicals, photographs and photographic negatives, plans, press releases, promotional literature, prospectuses, purchase orders, receipts and other records of payments, records, reports, reports of x-rays or laboratory tests, research data, schedules, scrapbooks, sketches, speeches, statements, studies, summaries or records of any transactions or occurrences including without limitation, conversations, interviews, meetings and conferences, summaries of any other documents including, without limitation, reports of investigations and reports of negotiations, studies, surveys, tables, or tabulations of data, tracings, telegrams, videotapes, vouchers, work papers and worksheets.

        3.     "Pertain" or "Pertaining" shall mean evidencing, regarding, memorializing, referring to, constituting, containing, discussing, describing, embodying, reflecting, identifying,

mentioning, stating, or otherwise relating to or regarding in any way, in whole or in part, the subject matter referred to in the request.

      4.     "Harbour Village Project" means the proposed development between Zebec Development N.V. and the Sint Maarten Harbor Cruise Facilities N.V. located at the cruise terminal in Philipsburg, Sint Maarten, and which was previously known as "the Dutch Village."

## DOCUMENTS AND THINGS REQUESTED

1. The Development Agreement dated March 29, 2008 between you and St. Maarten Ports Development N.V.

2. Any and all letters dated May 19, 2011 between you and St. Maarten Ports Development N.V. and referenced in your letter dated September 15, 2011 to St. Maarten Ports Development N.V.

3. Any and all minutes from all meetings held in June, July and/or August 2011 between you and any agent, employee, consultant and/or servant of St. Maarten Ports Development N.V. including but not limited to Mark Mingo and/or Theo Heyliger.

4. Any and all correspondence between you and any agent, employee, consultant and/or servant of St. Maarten Ports Development N.V., including but not limited to Mark Mingo and/or Theo Heyliger, pertaining to Zebec Development N.V.'s October 2012 Harbour Village Project presentation in Miami, Florida.

5. Any and all minutes from all meetings held in January and February 2013 between you and any agent, employee, attorney, consultant and/or servant of St. Maarten Ports Development N.V., including but not limited to Mark Mingo and/or Theo Heyliger.

6. Any and all letters between you and St. Maarten Ports Development N.V. dated February 28, 2013.

7. Any and all documents created by you pertaining to St. Maarten Ports Development N.V.'s letters to you dated on or about September 25, 2012, December 13, 2012 and/or February 28, 2013.

8. Any and all correspondences between you and/or any agent, employee, consultant and/or servant of St. Maarten Ports Development N.V., including but not limited to Mark Mingo and/or Theo Heyliger, pertaining to the Harbour Village Project from March 2013 to July 18, 2014.

3

**EXHIBIT "B"**

**Rule 45. Subpoena**

(a) IN GENERAL.
    (1) Form and Contents.
        (A) Requirements—In General. Every subpoena must:
            (i) state the court from which it issued;
            (ii) state the title of the action and its civil-action number;
            (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
            (iv) set out the text of Rule 45(d) and (e).
        (B) Command to Attend a Deposition—Notice of the Recording Method. A subpoena commanding attendance at a deposition must state the method for recording the testimony.
        (C) Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.
        (D) Command to Produce; Included Obligations. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.
    (2) Issuing Court. A subpoena must issue from the court where the action is pending.
    (3) Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.
    (4) Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.
(b) SERVICE.
    (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.
    (2) Service in the United States. A subpoena may be served at any place within the United States.
    (3) Service in a Foreign Country. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) Proof of Service. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) PLACE OF COMPLIANCE.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) For Other Discovery. A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

5

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the

6

person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) CONTEMPT. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

7